IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| RAVEN INDUSTRIES, INC., MARC E. | : SECURITIES EXCHANGE ACT OF 1934 |
| LEBARON, JASON M. ANDRINGA, | : |
| THOMAS S. EVERIST, JANET M. | : |
| HOLLOWAY, KEVIN T. KIRBY, LOIS M. | : |
| MARTIN, RICHARD W. PAROD, and | : |
| DANIEL A. RYKHUS, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On June 20, 2021, Raven Industries, Inc. ("Raven" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with CNH Industrial N.V. ("Parent") and CNH Industrial South Dakota, Inc. ("Merger Sub," and together with Parent, "CNH") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Raven's stockholders will receive $58.00 in cash per share.

3. On August 6, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Raven common stock.

9. Defendant Raven is a South Dakota corporation. Raven's common stock is traded on the NASDAQ under the ticker symbol "RAVN."

10. Defendant Marc E. LeBaron is Chairman of the Board of Directors of Raven (the "Board").

11. Defendant Jason M. Andringa is a member of the Board.

12. Defendant Thomas S. Everist is a member of the Board.

13. Defendant Janet M. Holloway is a member of the Board.

14. Defendant Kevin T. Kirby is a member of the Board.

15. Defendant Lois M. Martin is a member of the Board.

16. Defendant Richard W. Parod is a member of the Board

17. Defendant Daniel A. Rykhus is President, Chief Executive Officer, and a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Raven provides innovative, high-value products and systems that solve challenges throughout the world.

20. On June 20, 2021, Raven entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

CNH Industrial N.V. (NYSE: CNHI / MI: CNHI) today announced that it has entered into an agreement to acquire 100% of the capital stock of Raven Industries, Inc. (NASDAQ: RAVN), a US-based leader in precision agriculture technology for US$58 per share, representing a 33.6% premium to the Raven Industries 4-week volume-weighted average stock price, and US$2.1 billion Enterprise Value. The transaction will be funded with available cash on hand of CNH Industrial. Closing is expected to occur in the fourth quarter of 2021, subject to the satisfaction of customary closing conditions, including approval of Raven shareholders and receipt of regulatory approvals.

The acquisition builds upon a long partnership between the two companies and will further enhance CNH Industrial's position in the global agriculture equipment market by adding strong innovation capabilities in autonomous and precision agriculture technology.

"Precision agriculture and autonomy are critical components of our strategy to help our agricultural customers reach the next level of productivity and to unlock the true potential of their operations," said Scott Wine, Chief Executive Officer, CNH Industrial. "Raven has been a pioneer in precision agriculture for decades, and their deep product experience, customer driven software expertise and engineering acumen offer a significant boost to our capabilities. This acquisition emphasizes our commitment to enhance our precision farming portfolio and aligns with our digital transformation strategy. The combination of Raven's technologies and CNH Industrial's strong current and new product portfolio will provide our customers with novel, connected technologies, allowing them to be more productive and efficient."

"Our Board and Management are excited about this partnership and what it means for our future," said Dan Rykhus, President & Chief Executive Officer for Raven Industries. "For 65 years, our company has been committed to solving great challenges. Part of that commitment includes delivering groundbreaking innovation by developing and investing in our core capabilities and technology. By coming together with CNH Industrial, we believe we will further accelerate that path as well as bring tremendous opportunities and value to our customers — once again fulfilling our purpose to solve great challenges. Our relationship with CNH Industrial has expanded over decades, and we have a deep respect for one another and a shared commitment to transform agriculture practices across the world. We look forward to CNH Industrial leveraging the Raven talent and culture, as well as the Sioux Falls community, as part of their vision and future success."

"Raven Industries' capabilities, innovation culture, entrepreneurial spirit and engineering talent are impressive and will continue to thrive as part of the CNH Industrial family. Sioux Falls is and will continue to be a true center of excellence," added Wine. "We are incredibly excited to collaborate in bringing our customers more integrated precision and autonomous solutions, not only to improve productivity and profitability, but also promote more sustainable solutions and environmental stewardship. Together, our teams will create a stronger business for our employees, dealer network, and customers, enabling us to shape the future of agriculture, augment our world-leading sustainability credentials, and maximize our growth opportunities."

Headquartered in Sioux Falls, South Dakota, Raven Industries is organized into three business divisions: Applied Technology (precision agriculture), Engineered Films (high-performance specialty films) and Aerostar (aerospace) with consolidated net sales of US$ 348.4 million for the twelve months ended January 31, 2021. The company is a global technology partner for key strategic OEMs, agriculture retailers and dealers. The transaction is expected to generate approximately US$400 million of run-rate revenue synergies by calendar year 2025, resulting in US$150 million of incremental EBITDA.

The Engineered Films and Aerostar segments are industry leaders in the high performance specialty films and stratospheric platform industries, respectively, and CNH Industrial believes they represent attractive independent businesses with excellent near and long-term potential. Accordingly, CNH Industrial plans to undertake a strategic review of each business to best position them for future success and maximize shareholder value.

CNH Industrial does not expect the proposed acquisition will have any impact on its guidance for 2021. The acquisition is expected to be funded with Group consolidated cash[1] not affecting third party debt of industrial activities[2]. Cash consideration for the transaction is not included in the free cash flow definition, and consequently it will not affect its free cash flow guidance for the FY 2021E.

Advisors

Barclays and Goldman Sachs acted as financial advisors to CNH Industrial and Sullivan & Cromwell LLP as its legal advisor. J.P. Morgan Securities LLC acted as financial advisor to Raven and Davis Polk & Wardwell LLP as its legal advisor.

22. On August 6, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

23. The Proxy fails to disclose material information regarding Raven's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

24. The Proxy fails to disclose: (i) unlevered free cash flows and the line items used to calculate unlevered free cash flows; and (ii) the line items used to calculate the financial projections.

### Financial Analyses

25. The Proxy fails to disclose material information regarding the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. Regarding J.P. Morgan's Public Trading Multiples Analysis and Public Trading Multiples Sum-of-the-Parts Analysis, the Proxy fails to disclose the individual multiples for the companies observed by J.P. Morgan in the analyses.

27. Regarding J.P. Morgan's Discounted Cash Flow Analysis and Discounted Cash Flow Sum-of-the-Parts Analysis, the Proxy fails to disclose: (i) unlevered free cash flows and the line items used to calculate unlevered free cash flows; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and terminal growth rates; (iv) the net debt; and (v) the number of fully-diluted shares outstanding of Raven.

28. Regarding J.P. Morgan's Analyst Price Targets analysis, the Proxy fails to disclose: (i) the observed price targets; and (ii) the sources of the observed price targets.

<u>Background of the Proposed Merger</u>

29. The Proxy fails to disclose whether Raven executed any confidentiality agreements containing don't ask, don't waive standstill provisions.

**COUNT I**

**Claim Against the Individual Defendants and Raven for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Raven is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these

materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Raven within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Raven and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

46.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49.     Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary

to make the statements contained therein not misleading;

       D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

       E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

       F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: August 30, 2021

**GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

9